GRIFFIN, J.
This appeal arises out of an adoption proceeding initiated by the stepfather of children whose natural father (the appellant, Hector Martinez Diaz) is incarcerated in federal prison for several crimes, including two counts of rape of the children’s mother. Diaz, initially pro se, filed objections to the adoption. Subsequently, he was appointed counsel (Bruce Nants) and proceedings ensued that culminated in the issuance of a judgment on March 13, 2000, ordering the adoption.[1] Appellant served his notice of appeal on March 14, 2000 and also directed a letter to the trial judge asking for certain information in order to pursue the appeal.[2] On March 28, the trial court issued an order directing court appointed counsel to provide appellant with the appropriate forms required to obtain the assistance of a public defender for appeal purposes. The court’s certificate of service of this order does not reflect that appellant was sent a copy. Also appearing in the record during this time frame is an “informative motion” filed by appellant *134 clarifying which order is being appealed, in response to a letter from the Clerk of Court. It appears appellant next transmitted to the trial court a lengthy “formal petition” dated March 27, 2000 that seeks an order of indigency, a copy of the record on appeal, appointment of appellate counsel, and extensions of time. An envelope in the court file suggests this petition was mailed on April 10, 2000, but it was not made a part of the court file until May 15, 2000.
Meanwhile, on March 31, 2000, this court sent appellant its order advising appellant that he had failed to pay a filing fee or obtain an order of insolvency and that unless this defect was remedied, the appeal would be dismissed. No response was received to this order by May 11, 2000, so this court entered its order dismissing the appeal. That appeal remains dismissed.
Appellant sent another letter to the trial court dated May 15 (but not filed in the court file until July 11), in which he complained to the court that his March 27, 2000 petition had never been ruled upon. He also claimed the court’s order to Bruce Nants to provide him with proper forms had not been complied with and that he had received nothing from Mr. Nants. Finally, he complained that his appeal to the Fifth District Court of Appeal had been dismissed as a consequence.[3]
Finally, on July 6, 2000, in apparent response to appellant’s petition, the lower court entered its order declaring the respondent indigent for purposes of appeal. The next document filed is a form affidavit of insolvency signed by appellant on July 9 with an order dated July 20 appointing the public defender for appellant. Five days later, however, the court issued an order vacating the order appointing the public defender explaining that a public defender cannot be appointed in a case other than a criminal case. This is the order that is the subject of the instant appeal.
Given this backdrop, appellant apparently persuaded the out-of-state lawyer who is representing him in proceedings related to his federal criminal case, to assist him with the adoption appeal. Through this counsel, appellant has filed a brief in which he principally urges that appointed trial counsel was incompetent in multiple particulars and that there was no competent substantial evidence to support the principal factual findings, and the ultimate conclusion, of the trial court in the adoption case.[4] These arguments on behalf of appellant are competently presented and might warrant consideration on appeal were it not for the fact that 'this appeal involves solely the question of the trial court’s order setting aside the appointment of the public defender, not the order granting the adoption. The appeal of that order was dismissed and those issues are not available to appellant in the appeal of the subsequent order setting aside the previous appointment of the public defender to represent appellant on appeal. Accordingly, this appeal must be dismissed. Appellant may only succeed in having the court consider the arguments contained in the appellant’s brief if appellant obtains a belated appeal of the original judgment.
APPEAL DISMISSED.
PETERSON and SAWAYA, JJ., concur.

. This document was filed in the circuit court on March 27, 2000.

. The record reflects this document was mailed on March IS, 2000 and filed in the court file on March 29, 2000.

. Ironically, the next file entry is the motion of his trial counsel, Bruce Nants, to be paid his attorney’s fees for representing appellant.

. No claim of error in the vacating of the order appointing the public defender is raised in this appeal.